IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

RICK CASHATT, :
:
    Plaintiff, :
:
v. : CIVIL ACTION NO.
: 2:09-CV-220-RWS
MERRIMAC ASSOCIATES, INC., et :
al., :
:
    Defendants. :
:

### **ORDER**

This case comes before the Court on Defendants' Motion to Dismiss for Lack of Personal Jurisdiction [6], Plaintiff's Motion to Strike the Declaration of Philip G. Hirsh [10], and Plaintiff's Motion for Leave to File Supplemental Declaration of Rick Cashatt [15]. After a review of the record, the Court enters the following Order.

**I. Factual Background**

Plaintiff Rick Cashatt alleges that he was hired by Merrimac Associates, Inc. ("Merrimac")–a New Jersey corporation with its principal place of business in New Jersey–in December 2008 to serve as the Chief Operating Officer

("COO") of Enhanced Agriculture & Renewable Technologies Holdings Corp. ("EARTH")–a Delaware corporation with its principal place of business in New Jersey.[1]  (Cashatt Aff., Dkt. No. [9] at 1-2; Dec. Hirsch, Dkt. No. [6-2] at 2). In March 2009, he claims he was then offered and accepted the position of Chief Executive Officer ("CEO") of EARTH.  Id. at 2.  However, on June 30, 2009, Merrimac terminated his employment. (Termination Letter, Dkt. No. [9] at 6). Plaintiff then filed this suit seeking compensation for breach of an employment contract, or alternatively, for the value of services rendered in quantum meruit. Defendants' subsequently filed a motion to dismiss for lack of personal jurisdiction, and Plaintiff challenged their affiant.  Additionally, Plaintiff seeks to supplement his own affidavit opposing the motion to dismiss.

**II. Discussion**

### A. Plaintiff's Motion to Supplement

Plaintiff first moves to supplement his affidavit to clarify that he attended two meetings in January 2009 along with Defendants' employee.  As an initial matter, this motion was unopposed by Defendants.  Since this affidavit only elaborates on events which were already included in the initial affidavit and

---

[1] The Court makes no determination as to the facts contained herein.

2

there is no prejudice to Defendants, the Court **GRANTS** Plaintiff's Motion for Leave to File Supplemental Declaration of Rick Cashatt [15].

### B. Plaintiff's Motion to Strike

In support of their Motion to Dismiss, Defendants attached the Declaration of Philip G. Hirsch. Plaintiffs move to strike the affidavit in whole based on lack of personal knowledge, or alternatively, statements within paragraphs 8 and 18 which state legal–as opposed to factual–conclusions.

Plaintiff first claim that the declaration cannot be within Hirsch's personal knowledge as he does not expressly state that he is "testifying from personal knowledge" and he did not become the Interim CEO of Marrimac and the CEO of Earth until September 24, 2009 and November 5, 2009, respectively. Therefore, Plaintiff claims, Hirsch could not have personal knowledge about the Defendants' contacts with the state of Georgia which occurred before his tenure. However, Hirsch states in paragraph 5 that he is "personally aware of the contacts that both Merrimac and EARTH have with the state of Georgia." Dec. Hirsch, Dkt. No. [6-2] at ¶ 5. The fact that Hirsch was not the CEO or acting CEO does not preclude him from having knowledge

3

of the activities of the companies.  Plaintiff's motion to strike the entire affidavit is therefore **DENIED**.

Plaintiff next moves to strike two statements which he claims state a legal, rather than factual, conclusion.  First, Plaintiff challenges Hirsch's statement that "Merrimac and Earth were not joint employers of Rick Cashatt, and neither company is the alter ego of the other." Dec. Hirsch, Dkt. No. [6-2] at ¶ 8.  As Hirsch's statement that the companies are not alter egos of each other is a legal conclusion, this statement is **STRICKEN** from Hirsch's Declaration. See HomeBingo Network, Inc. v. Chayevsky, 428 F. Supp. 2d 1232, 1239 (S.D. Al. 2006) (holding that an affiant's statement that companies were the "alter ego" of each other is a legal conclusion).

Additionally, Plaintiff challenges Hirsch's statement that "EARTH has never transacted any business in the state of Georgia" as stating a legal conclusion.  Under Rule 701, a lay witness may offer opinion testimony where his opinions are "(a) rationally based on the perception of the witness, (b) helpful to clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge  . . . ." FED. R. EVID. 701.  Hirsch's statement here is a factual

4

statement in which he is using "transacted business" in the ordinary sense–not the legal sense.  Therefore, Plaintiff's Motion to Strike paragraph 18 is **DENIED**.

### C. Defendant's Motion to Dismiss

Defendants move to dismiss this case for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2).  "A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." United Techs. Corp. v. Mazer, 556 F.3d 1260, 1274 (11th Cir. 2009).   "Where, as here, the defendant challenges jurisdiction by submitting affidavit evidence in support of its position, 'the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction.' " Id. (quoting Meier ex rel. Meier v. Sun Int'l Hotels, Ltd., 288 F.3d 1264, 1269 (11th Cir. 2002)).  "Where the plaintiff's complaint and supporting evidence conflict with the defendant's affidavits, the court must construe all reasonable inferences in favor of the plaintiff." Meier, 288 F.3d at 1269.

Under the Georgia Long Arm Statute, Georgia courts may exercise personal jurisdiction over a non-resident who transacts business within the State

of Georgia. O.C.G.A. § 9-10-91(1). Jurisdiction exists under the "transacting business" prong of the long-arm statute if "(1) the nonresident defendant has purposefully done some act or consummated some transaction in [Georgia], (2) the cause of action arises from or is connected with such act or transaction, and (3) the exercise of jurisdiction . . . does not offend traditional fairness and substantial justice." Aero Toy Store, LLC v. Grieves, 631 S.E.2d 734, 737 (Ga. Ct. App. 2006). The Eleventh Circuit has stated that the first prong of the three-part inquiry satisfies the "transacting business" requirement of the long arm statute and the second and third prongs satisfy federal due process–the "transacting business" inquiry is no longer collapsed into the federal due process inquiry. Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc., 593 F.3d 1249, 1260 n.11 (11th Cir. 2010).

Defendants claim that they do not have sufficient contacts with Georgia to support specific jurisdiction. Namely, they claim that they do not have any contacts within Georgia which arose from or were related to the Plaintiff's claims in this case–whether that be through advertising, banking, sales, or physical presence in the state.(See Dec. Hirsh, Dkt. No. [6-2] at 2-4). However, construing all reasonable inferences in Plaintiff's favor, Defendants have

transacted business in Georgia and this transaction of business–i.e. the Plaintiff's services rendered to transact such business–underlie Plaintiff's claims.

David Shaffer, the President and COO of Merrimac and the CEO of EARTH until February 2009, purposely availed the Defendants of Georgia through various contracts and presentations. In October 2008, Plaintiff and Shaffer presented EARTH technologies to and attempted to solicit funding from Georgia agencies. (Cashatt Aff., Dkt. No. [9] at 2). In January 2009, Shaffer and the Plaintiff twice went to Rabun Gap, Georgia–once to exhibit EARTH's technology and once to visit their technology which was being tested and modified there.[2] Id. at 3. Additionally, in January 2009, Plaintiff arranged for Shaffer to meet the owner of a Georgia Corporation–Yellow Pine, LLC. Out of that meeting, EARTH signed an agreement with Yellow Pine, LLC whereby they agreed to exchange services in exchange for investment capital. Id. at 4. Additionally, in May 2009, the Defendants exhibited their technology to

---

[2] Additionally, it appears from some unknown time until November 2008, Defendant Merrimac had a "small [engineering] project" in Rabun Gap, Georgia apart from the 2009 contacts. However, most of the work was completed in New Jersey. Dec. Hirsch, Dkt. No. [6-2] at §19-22.

7

Anheuser Busch in Cartersville, Georgia and a member of EARTH's board–Bill Marsh–came to the Plaintiff's Georgia home office to review EARTH's financials. Id. at 3-4. All of these contacts not only involved the Plaintiff–as Defendants' alleged agent–but also members of the Defendants' Board of Directors and Executive Staff. Defendants purposely transacted business in Georgia and, as alleged, specifically transacted business with the Plaintiff in having him represent them on each occasion.

Moreover, these transactions are connected to this suit because Plaintiff is seeking to recover for his services rendered in soliciting, presenting, and forming contracts which established Defendants' contacts with the forum. Therefore, this action arises out of these contacts.

Last, asserting personal jurisdiction over Defendants would not offend "traditional notions of fair play and substantial justice." Defendants sought out the Georgia marketplace while Plaintiff's claims accrued. In fact, they signed an investment agreement in Georgia and were actively presenting their products to Georgia business entities and state agencies. Defendants should expect to face litigation in Georgia regarding the non-payment of services which the Plaintiff rendered in Georgia alongside Defendants' agents. Therefore, personal

8

jurisdiction is proper in this case and Defendants' Motion to Dismiss [6] is **DENIED**.

### III. Conclusion

In sum, Plaintiff's Motion for Leave to File Supplemental Declaration of Rick Cashatt [15] is **GRANTED** and Defendants' Motion to Dismiss for Lack of Personal Jurisdiction [6] is **DENIED**.  Additionally, Plaintiff's Motion to Strike the Declaration of Philip G. Hirsh [10] is **GRANTED, in part** and **DENIED, in part**.

**SO ORDERED** this  30th  day of September, 2010.

_____
**RICHARD W. STORY**
United States District Judge